**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**BENJI D. REED,**

                              **Plaintiff,**

       **v.**                                              **9:11-CV-0250 (TJM/DEP)**

**JOHN DOE No. 1; JOHN DOE No 2;**
**and M. SOTO,**

                              **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


## DECISION & ORDER

### I.    INTRODUCTION

       This pro se action brought pursuant to 42 U.S.C. § 1983 was referred by this Court

to the Hon. David E. Peebles, United States Magistrate Judge, for a Report and

Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule N.D.N.Y. 72.3(c).  In his

July 26, 2012 Report-Recommendation and Order, Magistrate Judge Peebles

recommended that "the motion of defendant M. Soto to dismiss plaintiff's claims against

him in this action (Dkt. No. 11) be GRANTED, and that all claims against that defendant

be DISMISSED, with leave to file an amended complaint as directed [in the Report-

Recommendation and Order] within thirty days from the date of the filing of a decision and

order acting upon my recommendation of dismissal." Rep. Rec., p. 28 [dkt. # 22].

       In the Report-Recommendation and Order, Magistrate Judge Peebles also

1

addressed Plaintiff's motions (1) for leave to file an amended complaint [Dkt. No. 14], and

(2) to appoint counsel [Dkt. No. 15].  Magistrate Judge Peebles denied Plaintiff's motion

for leave to amend because the proposed amended complaint submitted with the motion

did not contain allegations setting forth plausible claims. See July 26, 2012

Report-Recommendation and Order, pp.18-20.  Magistrate Judge Peebles denied

Plaintiff's motion for appointment of counsel [Dkt. No. 15], without prejudice to renewal,

because Plaintiff "failed to make a sufficient showing to warrant appointment of counsel to

represent him at this early stage in the litigation." Id. p. 25; see also id. pp. 22-25.

Defendant Soto objects to the recommendation to the extent that it recommends

that Plaintiff be granted leave to file an amended complaint, arguing that Plaintiff already

had ample opportunity to do so but failed to state a claim upon which relief can be

granted. Def. Obj. [dkt. # 24].  Plaintiff objects by asserting that the complaint does contain

sufficient factual allegations to set forth a plausible claim of retaliation, or, in the

alternative, he should be granted leave to file an amended complaint to assert a retaliation

claim.  Pl. Obj. [dkt. # 26].  He also argues that he should be appointed counsel "for the

sole purpose of ascertaining the names of the two John Doe defendants." Id.

## II.    STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged,

the district court makes a "*de novo* determination of those portions of the report or

specified proposed findings or recommendations to which objection is made."  See 28

U.S.C. § 636(b)(1)(C); see also United States v. Male Juvenile, 121 F.3d 34, 38 (2d

Cir.1997)(The Court must make a *de novo* determination to the extent that a party makes

specific objections to a magistrate's findings.).  "[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."  Machicote v. Ercole, 2011 WL 3809920, at * 2 (S.D.N.Y., Aug. 25, 2011)(citations and interior quotation marks omitted); DiPilato v. 7-Eleven, Inc., 662 F. Supp.2d 333, 340 (S.D.N.Y. 2009)(same).  By the same reasoning, a party may not advance new theories that were not presented to the magistrate judge in an attempt to obtain this second bite at the apple. See Calderon v. Wheeler, 2009 WL 2252241, at *1, n. 1 (N.D.N.Y. July 28, 2009); Green v. City of New York, 2010 WL 148128, at * 4 (E.D.N.Y. Jan. 14, 2010)("[N]ew claims . . . presented in the form of, or along with, 'objections . . .' should be dismissed.")(citations omitted).

General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error.  Farid v. Bouey, 554 F. Supp. 2d 301, 306 n. 2 (N.D.N.Y. 2008); see Frankel v. N.Y.C., 2009 WL 465645 at *2 (S.D.N.Y. Feb. 25, 2009).  After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## III.   DISCUSSION

With this standard in mind, and after having reviewed Defendant's and Plaintiff's objections, the Court determines to adopt the recommendation for the reasons stated in Magistrate Judge Peebles's thorough report.

3

Plaintiff's attempts to reargue the positions he took before Magistrate Judge Peebles are insufficient. The Court finds no error in Magistrate Judge Peebles's analysis or determinations. Moreover, Plaintiff is granted leave to re-plead his claims, so he suffers no prejudice by dismissal. Should he elect to do so, Plaintiff should take care to re-plead his retaliation claim with more particularity as to (1) what he asserts was the retaliatory conduct, and (2) what he believes was the motivation for this conduct. See Rep. Rec. p. 21.[1]

Inasmuch as the re-pled claims must be accordance with the parameters set forth contained in the Report-Recommendation and Order, see fn. 1, *supra*, the Court rejects Defendant's objection to this portion of the recommendation. See Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir.1991)("It is the usual practice upon granting a motion to dismiss to allow leave to replead.") (citations omitted), cert den., 503 U.S. 960, 112 S. Ct. 1561, 118 L. Ed.2d 208 (1992); Hughes v. Anderson, 2011 WL 5829658, at * 1 (2d Cir. Nov. 21, 2011)("As a general matter (excepting clearly frivolous cases), it is

---

[1] As Magistrate Judge Peebles stated:

If he opts to amend, however, the plaintiff is advised that the law requires that "complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995 ) (McAvoy, C.J.) (citing *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987) (other citations omitted)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 U.S. Dist. LEXIS 7136, at *24-25 (N.D.N.Y. May 22, 1995) (Pooler, D.J.) (citation omitted). Such an amended complaint will replace the existing second amended complaint, and therefore must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Harris v. City of N.Y.*, 186 F.3d 243, 249 (2d Cir. 1999)(citing *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994)); *see also* Fed. R. Civ. P. 10(a). The proposed amended complaint [must] also specifically allege facts indicating the involvement of each of the named defendants in the constitutional deprivations alleged, providing sufficient detail to establish the they were tangibly connected to those deprivations. *See Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).

4

improper for a district court to dismiss a complaint with prejudice for failure to state a claim without giving the plaintiff notice and an opportunity to be heard and to offer an amended pleading.")(summary order)(citing <u>Perez v. Ortiz</u>, 849 F.2d 793, 797 (2d Cir.1988)).

To the extent that Plaintiff's objections challenge Magistrate Judge Peebles's determinations to deny (1) leave to file the previously proposed amended complaint, and (2) appointment of counsel, the objections are in the nature of an appeal.  A district court judge reviewing a magistrate judge's non-dispositive pretrial order may not modify or set aside any part of that order unless it is clearly erroneous or contrary to law. <u>Labarge v. Chase Manhattan Bank, N.A.</u>, 1997 WL 583122, at * 1 (N.D.N.Y. Sept. 3, 1997)(Pooler, D.J.)(citing 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); N.D.N.Y. LOCAL RULE 72.1(b)); <u>Mathias v. Jacobs</u>, 167 F. Supp.2d 606, 621-23 (S.D.N.Y. 2001).  Findings are clearly erroneous when the reviewing court is firmly convinced the lower court decided an issue in error. <u>Lanzo v. City of New York</u>, 1999 WL 1007346, *2-3 (E.D.N.Y. Sept. 21, 1999).  This standard imposes a heavy burden on the objecting party, and only permits reversal where the district court determines that the magistrate judge "abused his broad discretion over resolution of discovery matters."  <u>Labarge</u>, 1997 WL 583122, at * 1; see <u>Mathias</u>, 167 F. Supp.2d at 621-23; <u>Lanzo</u>, 1999 WL 1007346, *3.

The Court finds no error or abuse of discretion by Magistrate Judge Peebles and, therefore, affirms Magistrate Judge Peebles's decisions in these regards for the reason set forth in the Report-Recommendation and Order at pages 18-20 and 22-25.

## IV.    CONCLUSION

For the reasons discussed above, the Court adopts Magistrate Judge Peebles's July 26, 2012 Report-Recommendation and Order in its entirety.  Therefore, Defendant M.

Soto's motion to dismiss Plaintiff's claims against him in this action (Dkt. No. 11) is
GRANTED, and all claims against Defendant Soto are DISMISSED.  Plaintiff is granted
leave to file an amended complaint.  An amended complaint, if one is filed, must be in
accordance with the directions contained in the Report-Recommendation and Order, and
must be filed within thirty (30) days from the date of the filing of this Decision and Order.

To the extent that Plaintiff's objections can be construed as appeals from
Magistrate Judge Peebles's determinations to deny Plaintiff's motions to amend the
complaint [Dkt. No. 14], and to appoint counsel [Dkt. No. 15], Magistrate Judge Peebles's
determinations are AFFIRMED.

**IT IS SO ORDERED.**

**Dated:** September 26, 2012

Thomas J. McAvoy
Senior, U.S. District Judge