UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**BENJI D. REED,**

                              **Plaintiff,**

      v.                                                     9:11-CV-0250

**JOHN DOE No. 1; JOHN DOE No. 2; and
M. SOTO,**

                              **Defendants.**
_____

**THOMAS J. McAVOY,
Senior United States District Judge**


**DECISION & ORDER**

**I.    INTRODUCTION**

    This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred by this Court to the Hon. David E. Peebles, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. Local Rule 72.3(c).

    In his Report and Recommendation [dkt. # 33], Magistrate Judge Peebles:

        RECOMMENDED that plaintiff's amended complaint (Dkt. No. 30) be
REJECTED as failing to cure the deficiencies detected in the court's
earlier order as it relates to all claims asserted against defendant Soto, and
that this action be DISMISSED, with prejudice, as it relates to defendant
Soto; and it is further

        RECOMMENDED that plaintiff's amended complaint be REJECTED
as precluded by New York Correction Law § 24 as it relates to all claims
asserted against defendant John Doe #2; and it is further

        RECOMMENDED that plaintiff's amended complaint be ACCEPTED

1

as it relates to the claims asserted against defendant John Doe #1; and it is further

RECOMMENDED that, upon the district judge accepting the recommendations regarding the claims asserted against defendant John Doe #1, the superintendent of Eastern Correctional Facility be added as a defendant to this action for the sole purpose of permitting service and discovery;

RECOMMENDED that, upon the district judge accepting the recommendation that the superintendent of Eastern Correctional Facility be added as a defendant in this action, the clerk of the court issue a summons and forward it, along with a copy of plaintiff's amended complaint, to the United States Marshal for service upon the superintendent of Eastern Correctional Facility. The clerk shall forward a copy of the summons and complaint by mail to the Office of the New York State Attorney General, together with a copy of this report and recommendation, and any decision and order issued accepting or rejecting it; and it is further

RECOMMENDED that, upon the district judge accepting the recommendation that the superintendent of Eastern Correctional Facility be added as a defendant in this action, a response to the plaintiff's amended complaint be filed by a defendant, or his counsel, as provided for in the Federal Rules of Civil Procedure after service of process on a defendant; and it is further,

RECOMMENDED that, upon the district judge accepting the recommendation that the superintendent of Eastern Correctional Facility be added as a defendant in this action, plaintiff continue to take reasonable steps to ascertain the identity of defendant John Doe #1, and, if appropriate, file a motion with the court seeking permission to file a second amended complaint so that he may add such individual, by name, as a defendant to this lawsuit; and it is further

RECOMMENDED that, upon the district judge accepting the recommendation that the superintendent of Eastern Correctional Facility be added as a defendant in this action, all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of it was mailed to all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be stricken from the docket. Plaintiff

must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. Plaintiff is also required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do so may result in the dismissal of this action. All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court.

Dkt. # 33 at 18-21.

Plaintiff has filed objections to Magistrate Judge Peebles' report (dkt. # 36).

## II. STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1)(C); see also United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir.1997)(The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.). "[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Machicote v. Ercole, 2011 WL 3809920, at * 2 (S.D.N.Y., Aug. 25, 2011)(citations and interior quotation marks omitted); DiPilato v. 7-Eleven, Inc., 662 F. Supp.2d 333, 340 (S.D.N.Y. 2009)(same).

General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error. Farid v. Bouey, 554 F. Supp. 2d 301, 306 n. 2 (N.D.N.Y. 2008); see Frankel v. N.Y.C., 2009 WL 465645 at *2 (S.D.N.Y. Feb. 25, 2009). After reviewing the report and recommendation, the Court

3

may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

Plaintiff's first objection contends that Judge Peebles' recommendation to dismiss the retaliation claim against Defendant Soto is the result of Plaintiff's Complaint "being inartfully drawn or composed." Dtk. # 36 at 1. Plaintiff correctly articulates the lenient standard that is to be afforded to *pro se* litigants in civil actions. The Supreme Court has stated that "[a] document filed *pro se* is 'to be liberally construed' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, even applying this lenient standard, the Court agrees with Magistrate Judge Peebles that "careful review of plaintiff's proposed amended complaint reveals that it lacks sufficient factual allegations to demonstrate a plausible retaliation claim, including a basis to find a causal connection between a protected activity engaged in by plaintiff, and an adverse action taken by the defendants against him as a result." Dkt. # 33 at 10. This conclusion is reinforced by the fact that the misbehavior report that serves as the basis of Plaintiff's claim against Defendant Soto was dismissed when the hearing officer "learned that [Plaintiff], in fact, had missed the programming for medical reasons." Id. at 7. Thus, it is clear that the misbehavior report was filed because of a mistaken belief as to Plaintiff's location, not in retaliation for Plaintiff using medical services at the correctional facility, and that Plaintiff suffered no adverse consequences

4

from the misbehavior report.  Because the Court has already given Plaintiff an opportunity to amend his Complaint, dkt. # 28 at 6, it now finds that Plaintiff's failure to make a claim under Section 1983 is not a product of the quality of the pleadings.  Rather, the facts of this case are simply insufficient to implicate a retaliation claim.  Therefore, the Court finds on *de novo* review that Plaintiff's claim against Soto is properly dismissed.

In all other respects, Plaintiff fails to make specific objections to Magistrate Judge Peebles' report.  Instead, he states generally that "the magistrate alleges that my amended complaint lack [sic] sufficient allegations which could be reasonably concluded that a nexus exist [sic] linking the protected activity and adverse action."  Dtk. # 36 at 1.  Plaintiff then proceeds by merely rearguing the same claims presented to Magistrate Judge Peebles in an attempt to demonstrate that there is a causal connection between Defendant Soto's actions and Plaintiff's protected behavior.  See generally dkt. # 36.  As a consequence, the Court reviews the Report and Recommendation for clear error and finds none.  Moreover, upon *de novo* review, the Court reaches the same conclusion as did Magistrate Judge Peebles.  Accordingly, the Court accepts and adopts Magistrate Judge Peebles recommendations for the reasons stated in his report.

## IV. CONCLUSION

For the reasons discussed above, the Court accepts and adopts Magistrate Judge Peebles' recommendations for the reasons stated in his report.  Accordingly,

(1) Plaintiff's amended complaint (Dkt. No. 30) is **REJECTED** and this action is **DISMISSED**, with prejudice, as it relates to Defendant Soto; and

(2) Plaintiff's amended complaint is **REJECTED** and this action is **DISMISSED,** with

prejudice, as it relates to Defendant John Doe #2; and

(3) Plaintiff's amended complaint is **ACCEPTED** as it relates to the claims asserted against Defendant John Doe #1; and

(4) It is **ORDERED** that the Superintendent of Eastern Correctional Facility be added as a defendant to this action for the sole purpose of permitting service and discovery; and

(5) It is **ORDERED** that the Clerk of the Court issue a summons and forward it, along with a copy of Plaintiff's Amended Complaint, to the United States Marshal for service upon the Superintendent of Eastern Correctional Facility. The Clerk shall forward a copy of the summons and complaint by mail to the Office of the New York State Attorney General, together with a copy of the Report and Recommendation, and this Decision and Order; and

(6) It is **ORDERED** that upon the superintendent of Eastern Correctional Facility being added as a defendant in this action and Defendant John Doe #1 being identified, a response to the plaintiff's amended complaint be filed by Defendant John Doe #1, or his counsel, as provided for in the Federal Rules of Civil Procedure after service of process on a defendant; and

(7) It is **ORDERED** that Plaintiff continue to take reasonable steps to ascertain the identity of Defendant John Doe #1, and, if appropriate, file a motion with the Court seeking permission to file a second amended complaint so that he may add such individual, by name, as a defendant to this lawsuit. Plaintiff's failure to ascertain the identity of Defendant John Doe #1 will result in the dismissal of this action; and

(8) It is **ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of it was mailed to all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be stricken from the docket. Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. Plaintiff is also required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in Plaintiff's address; his failure to do so may result in the dismissal of this action. All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court.

**IT IS SO ORDERED.**

**Dated:** September 27, 2013

_____
Thomas J. McAvoy
Senior, U.S. District Judge